**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

TERRANCE RHODES
ADC #142254                                                                                          PLAINTIFF

V.                                         4:08CV01851 JTR

HUGH GENTRY, Lieutenant,
Saline County Detention Facility, et al.                                               DEFENDANTS

**MEMORANDUM OPINION**[1]

Plaintiff, Terrance Rhodes, who is currently incarcerated at the Diagnostic Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was confined at the Saline County Detention Facility ("SCDF"). *See* docket entries #2, #3, and #9. Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts. *See* docket entries #34, #35, and #36. Plaintiff has not filed a Response to the Motion for Summary Judgment or a Statement of Disputed Facts, and the time for doing so has expired.

**I. Admitted Facts**[2]

While confined at the SCDF, Plaintiff was a pretrial detainee awaiting trial on capital murder

---

[1]On January 5, 2009, the parties consented to proceed before a United States Magistrate Judge. *See* docket entry #25.

[2]On June 29, 2009, the Court issued an Order giving Plaintiff thirty days to file a Response to Defendants' Motion for Summary Judgment and a Statement of Disputed Facts. *See* docket entry #37. Importantly, the Court advised Plaintiff that if he failed to timely do so, the facts set forth in Defendants' summary judgment papers would be deemed admitted, pursuant to Local Rule 56.1(c). *Id.* Plaintiff has failed to comply with the Court's June 29, 2009 Order. Accordingly, the facts set forth in Defendants' summary judgment papers are deemed admitted.

charges. *See* docket entry #35. However, it is unclear how long he was confined in that facility. In his Complaints, Plaintiff alleges that he was not allowed to have yard call, or otherwise go outside, "for a little over a year."[3]  *See* docket entry #2 at 4. Importantly, Defendants do *not* refute that allegation.[4]  *See* docket entries #35 and #36 at 3-4.

## II. Discussion[5]

Defendants argue that they are entitled to qualified immunity. *See* docket entries #35, #36, and #37. Qualified immunity protects government officials from liability for monetary damages in a § 1983 action unless, at the time of alleged violation, his or her conduct violated a clearly established federal statutory or constitutional right of which a reasonable person would have known. *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009); *Serna v. Goodno*, 567 F.3d 944, 951-52 (8th Cir. 2009). When considering qualified immunity, a court must determine whether: (1) the supported facts, viewed in the light most favorable to the plaintiff, show that the defendant's conduct violated

---

[3]This is the *only* remaining claim. On November 20, 2009, the Court dismissed all of Plaintiff's other claims. *See* docket entries #17 and #19. Nevertheless, Defendants have devoted the majority of their summary judgment papers to claims that *are no longer pending in this action*.

[4]The Court is perplexed by Defendants' failure to address the yard call issue in their Statement of Undisputed Facts and accompanying exhibits. The Court does not know if this means Defendants are admitting the allegation that Plaintiff was denied yard call for a little over one year, or if it means Defendants simply overlooked addressing this issue in their Statement of Undisputed Facts.

[5]It is well settled that summary judgment should only be granted when the record, viewed in a light most favorable to the nonmoving party, shows that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of informing the court of its basis for the motion and identifying the parts of the record that show lack of a genuine issue. *Celotex,* 477 U.S. at 323. To defeat a motion for summary judgment, the nonmoving party must go beyond the pleadings and establish "by affidavits, or by the depositions, answers to interrogatories, and admissions on file" that specific facts show a genuine issue for trial exists. *See* Fed R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324.

a constitutional or statutory right; and (2) that constitutional right was clearly established at the time of the alleged violation.[6] *Id.* Importantly, the United States Supreme Court has recently clarified that a trial court may consider these two requirements in either order. *Pearson*, 129 S. Ct. at 818 (abrogating the "order of battle" rule established in *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001)).

In general, to prevail on a conditions-of-confinement claim, a detainee must prove that: (1) objectively, the deprivation was sufficiently serious as to pose a substantial risk of serious harm to his health or safety, or otherwise deny him the minimal civilized measure of life's necessities; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivations.[7] *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004); *Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir. 1996). However, qualified immunity is a "fact-intensive" inquiry that "must be undertaken in light of the specific context of the case, [and] not as a broad general proposition." *Serna,* 567 F.3d at 952.

The narrow conditions-of-confinement issue raised by Plaintiff is whether his constitutional rights were violated when Defendants did not allow him to go outside for approximately a year.[8] The

---

[6] As to the second prong, the Eighth Circuit has emphasized that for "a right to be deemed clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Serna*, 567 F.3d at 952. In other words, "officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Id*.

[7] Technically, Plaintiff's claim is analyzed under the Fourteenth Amendment's due process clause, instead of the Eighth Amendment's cruel and unusual punishment clause, because he was a pretrial detainee (and not a convicted prisoner) while confined at the SCDF. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, the Eighth Circuit has applied the same standard to conditions of confinement claims based on either the Fourteenth or Eighth Amendment. *See Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003).

[8] Importantly, Plaintiff has *not* alleged that he was denied the opportunity for out-of-cell exercise *inside* the SCDF. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (acknowledging

Eighth Circuit has previously held that the denial of yard call "for a short period, per se, is *not* a constitutional violation." *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (holding that the lack of outside recreation for thirteen days was not a constitution violation); *see also Rahman X. v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (holding that the inability to go outside for three months was not a constitutional violation); *Rust v. Grammar*, 858 F.2d 411, 414 (8th Cir. 1988) (holding that the suspension of yard privileges for thirteen days was not a constitutional violation). However, neither the Eighth Circuit nor the United States Supreme Court has determined when, if ever, the denial of yard call rises to the level of a constitutional violation.

Given the largely undeveloped nature of the law in this area, the Court cannot say that a reasonable jailer would have known that depriving a pretrial detainee of yard call for a little over a year violated a clearly established constitutional right. Accordingly, Defendants are entitled to qualified immunity, and this case must be dismissed, with prejudice.[9]

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.       Defendants' Motion for Summary Judgment (docket entry #34) is GRANTED, and

---

that, "[w]hile thirty-seven days [without any exercise] is perhaps pushing the outer limits of acceptable restriction, we find that it did not constitute an atypical and significant hardship for [the prisoner] in the context of normal prison life"); *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (explaining that, in the absence of muscle atrophy or other adverse health consequences, it was not a constitutional violation to limit a prisoner to 45 minutes a week of out-of-cell exercise); *Leonard v. Norris*, 797 F.23d 683, 685 (8th Cir. 1986) (holding that the lack of out-of-cell exercise for fifteen days was not a constitutional violation).

[9] Qualified immunity applies only to a request for monetary damages. *Pearson*, 129 S. Ct. at 822 (2009)*; Serna*, 567 F.3d at 952. Plaintiff has not requested any other form of relief in his Complaints. *See* docket entries #2, #3, and #9. Further, even if he had requested injunctive relief, that request would now be moot because Plaintiff is no longer confined in the SCDF. *See Owens v. Isaac,* 487 F.3d 561, 564 (8th Cir. 2007); *Smith v. Hundley;* 190 F.3d 852, 855 (8th Cir. 1999).

this case is DISMISSED, WITH PREJUDICE.

      2.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Memorandum Opinion and the accompany Judgment would not be taken in good faith.

Dated this 26th day of August, 2009.

                                                      _/s/ J. Thomas Ray_
                                           UNITED STATES MAGISTRATE JUDGE